IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
June 07, 2021
SX-2020-CV-00771
TAMARA CHARLES
CLERK OF THE COURT

# SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| RUTHA M. BROWN AND FRANK BROWN, JR., | Civil No. SX-2020-CV-771 |
| PLAINTIFFS, | ACTION FOR DAMAGES |
| v. | JURY TRIAL DEMANDED |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. HOCAT1730XC, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. HOCGX1165XC, AND MARSHALL & STERLING ST. CROIX, INC., | CITE AS: 2021 VI SUPER 61 |
| DEFENDANTS. | |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Robert J. Kuczynski, Esq.**
Beckstedt & Kuczynski LLP
Christiansted, U.S. Virgin Islands
*For Defendant Marshall & Sterling St. Croix, Inc.*

**Sharmane Davis-Brathwaite, Esq.**
Brathwaite Law LLC
St. Thomas, U.S. Virgin Islands
*For Defendant Certain Underwriters at Lloyd's*
*of London subscribing to policy no. HOCAT1730XC*

**Greg L. Mast, Esq.**
**John P. Golden, Esq.**
Fields Howell LLP
Atlanta, GA
*For Defendant Certain Underwriters at Lloyd's*
*of London subscribing to policy no. HOCGX1165XC*

*Brown, et al. v. Certain Underwriters at Lloyd's of*
*London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
Memorandum Opinion
Page 2 of 9

2021 VI SUPER 61

## MEMORANDUM OPINION

### WILLOCKS, Presiding Judge

**THIS MATTER** is before the Court *sua sponte*.

### BACKGROUND

¶ 1     On November 5, 2020, Plaintiff Rutha M. Brown and Plaintiff Frank Brown, Jr. (collectively, hereinafter "Plaintiffs") filed a complaint against Defendant Certain Underwriters at Lloyd's of London subscribing to policy no. HOCAT1730XC (hereinafter "Lloyds 1730XC") and Defendant Marshal & Sterling St. Croix, Inc. (hereinafter "M&S") in connection with two insurance claims—to wit, an insurance claim filed for burglary of Plaintiffs' residence (2015) (hereinafter "2015 Burglary Insurance Claim") and an insurance claim filed for water damage to Plaintiffs' residence (2019) (hereinafter "2019 Water Damage Insurance Claim"). Subsequently, both Defendant Lloyds 1730XC and Defendant M&S entered their respective appearances in this matter.

¶ 2     On January 20, 2021, Defendant Lloyds 1730XC filed its disclosure statement pursuant to Rule 7.1 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 7.1").[1]

---

[1] Rule 7.1 provides:

> Rule 7.1. Disclosure Statement
>
> (a) Who Must File; Contents. A nongovernmental corporate party must file two copies of a disclosure statement that:
>
>> (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
>>
>> (2) states that there is no such corporation.
>
> (b) Time to File; Supplemental Filing. A party must:
>
>> (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
>>
>> (2) promptly file a supplemental statemen if any required information changes.
>
> V.I. R. Civ. P. 7.1

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 3 of 9

2021 VI SUPER 61

¶ 3     On February 2, 2021, Plaintiffs filed a motion to amend complaint to add Certain Underwriters at Lloyd's of London subscribing to policy no. HOCG1165XC (hereinafter "Lloyds 1165XC" and together with Defendant Lloyds 1730XC and Defendant M&S, "Defendants") as a defendant in this matter. On February 16, 2021, the Court entered an order granting Plaintiffs' motion to amend and deemed Plaintiffs' first amended complaint filed as of the date of the order. On February 17, 2021, the Court entered an order whereby the Court ordered the parties to, within thirty days from the date of entry of the order, meet and confer and report to the Court pursuant to Rule 26(f) of the Virgin Islands Rules of Civil Procedure and submit a stipulated joint discovery and scheduling plan.

¶ 4     Subsequently, Defendant Lloyds 1165XC entered its appearance. On March 11, 2021, Defendant Lloyds 1165XC filed a motion to compel appraisal and to stay the action and a motion to dismiss or, in the alternative, motion for a more definite statement.

¶ 5     On March 22, 2021, the parties filed a joint submission of proposed discovery and scheduling plan (hereinafter "Joint Submission"). In their Joint Submission, the parties stated that "Plaintiffs' First Amended Complaint revolves around two (2) separate and distinct claims against two (2) separate and distinct sets of insurers"—to wit, "Plaintiffs' claim against [Defendant Lloyds 1730XC] arises from a 2019 water damage claim" and "Plaintiffs' claim against [Defendant Lloyds 1165XC] arises from a 2015 burglary claim"—and thereby, submitted two separate discovery and scheduling plan for the Court's consideration. (Joint Submission, p. 1.)

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCATI730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 4 of 9

2021 VI SUPER 6 1

¶ 6     On April 13, 2021, Defendant Lloyds 1165XC filed its disclosure statement pursuant to Rule 7.1.[2]

¶ 7     On April 28, 2021, Plaintiffs filed an opposition to Defendant Lloyds 1165XC's motion to compel appraisal and to stay the action, an opposition to Defendant Lloyds 1165XC's motion to dismiss or, in the alternative, motion for a more definite statement, and a motion to exceed page limit as to its latter opposition. Thereafter, Defendants Lloyds 1165XC filed its replies to Plaintiffs' two oppositions.

## DISCUSSION

### 1. Misjoinder

¶ 8     Upon review of the file, it has come to the Court's attention that the joinder of the three Defendants may be improper here. Rule 20 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 20") governs permissive joinder of parties. Under Rule 20, "[p]ersons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." V.I. R. Civ. P. 20(a)(2). The reporter's notes to Rule 20 state that "multiple defendants may be joined if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction and at least one question of law or fact common to all defendants will arise in the action." V.I. R. Civ. P. 20 (rptr's note).

---

[2] The disclosure statements filed by Defendant Lloyds 1730XC and Defendant Lloyds 1165XC identified different parent corporation(s) and publicly held corporation(s) owning 10% or more of its stock.

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 5 of 9

2021 VI SUPER 61

¶ 9    Here, the Court finds that neither requirements under Rule 20 have been satisfied. First, Plaintiffs did not assert any right to relief against all three Defendants jointly, severally, or arises from the same transaction, occurrence, or series of transactions or occurrences. In fact, the parties made it very clear in their Joint Submission that Plaintiffs' claims resolve around "two (2) separate and distinct claims against two (2) separate and distinct sets of insurers"—to wit, "Plaintiffs' claim against [Defendant Lloyds 1730XC] arises from a 2019 water damage claim" and "Plaintiffs' claim against [Defendant Lloyds 1165XC] arises from a 2015 burglary claim." (Joint Submission, p. 1.) Second, no question of law or fact common to all three Defendants will arise in the action. While it may appear at first glance that there is at least one legal question common to all three Defendants here—to wit, whether Defendants' conducts were in violation of Title 22 V.I.C. § 1204[3] (Count VI), whether Defendants' conducts were in violation of Title 22 V.I.C. § 228(a)[4] (Count VII), whether Defendants engaged in deceptive trade practices, the analysis will be based on different set of facts for each defendant. As such, the Court finds joinder improper here and will sever Plaintiffs' claims under Rule 21[5] of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 21")—to wit, Plaintiffs' claims against Defendant Lloyds 1165XC will be severed from this

---

[3] Title 22 V.I.C. § 1204 provides that "[n]o person shall knowingly make, publish, or disseminate any false, deceptive or misleading representation or advertising in the conduct of the business of insurance or relative to any person engaged therein." Title 22 V.I.C. § 1204.

[4] Title 22 V.I.C. § 228(a) provides that "[e]ffective 90 days after February 24, 1984, insurance companies doing business in the Virgin Islands shall have thirty (30) calendar days from the date on which an agreement to settle is signed or a proof of claim has been filed, whichever comes last, to make payment of all sums due under an insurance policy." Title 22 V.I.C. § 228(a).

[5] Rule 21 provides:

> Rule 21. Misjoinder and Nonjoinder of Parties
>
> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.
>
> V.I. R. Civ. P. 21

*Brown, et al. v. Certain Underwriters at Lloyd's of*
*London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 6 of 9

2021 VI SUPER 61

matter. Even if joinder was proper here, the Court nevertheless has the discretion to sever Plaintiffs' claims under Rule 21. *See* V.I. R. Civ. P. 21 (rptr's note) ("Rule 21 makes it clear that "misjoinder" and "nonjoinder" of parties is not jurisdictional: such a defect will not cause the action to be dismissed. The Rule confirms the discretion of the court to rule, at any time, adding or dropping a party on such terms as are just in the circumstances. Severance of claims involving one or more parties is also authorized."); *see also, Alleyne v. Diageo USVI, Inc.*, 69 V.I. 307, 337 (V.I. Super. Ct. Sept. 10, 2018) ("And even if joinder was proper here initially, the Court nonetheless will exercise its discretion and sever the Plaintiffs' claims because the determination of damages will have to be on a case-by-case basis."); *see also, Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 193 (V.I. Super. Ct. Aug. 10, 2015) ("the Court will instead exercise its 'broad discretion' and sever the plaintiffs' claims.").

¶ 10    "Once severed, the claims proceed separately as 'independent actions with separate judgments entered in each.'" *Grant v. Hovensa, LLC*, 70 V.I. 639, 648 (V.I. Super. May 20, 2019) (quoting *Abednego*, 63 V.I. at 183 (quoting *DirecTV, Inc. v. Leto*, 467 F. 3d 842, 845 (3d Cir. 2006))). Thus, the Court will order Plaintiffs to refile their claims against Defendant Lloyds 1165XC in connection with the 2015 Burglary Insurance Claim in a separate lawsuit and pay the accompanied filing fees unless they are permitted to proceed *in forma pauperis*. *See Alleyne*, 69 at 325-36 ("Courts in the Virgin Islands have repeatedly held that payment of the filing fee is mandatory and cannot be excused unless a party is allowed to proceed *in forma pauperis*. *See* 4 V.I.C. § 513. The reason why is because "a party's failure to pay a filing fee required by law implicates interests beyond those of the parties." *Mustafa v. Camacho*, 59 V.I. 566, 571 n.2 (V.I. 2013) (*per curiam*); *see also, In re Red Dust Claims*, 69 V.I. 147, 151 (V. I. Super. Ct. July 7,

*Brown, et al. v. Certain Underwriters at Lloyd's of*
*London subscribing to policy no. HOCATI730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 7 of 9

2021 VI SUPER 61

2017) (explaining that "the filing fee cannot be waived (as it is required by statute and would have been assessed had each Plaintiff filed individually)") (citation omitted). Additionally, in light of Plaintiffs' allegations in their first amended complaint,[6] Defendant M&S will also be named as a defendant in the new complaint Plaintiffs will refile in connection with the 2015 Burglary Insurance Claim.

### 2. Disclosure Statement

¶ 11    As noted above, Rule 7.1 requires every "nongovernmental corporate party" to "file two copies of a disclosure statement that ... identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or ... states that there is no such corporation."[7] V.I. R. Civ. P. 7.1(a)(1)-(2). Disclosures statements must accompany the party's "first appearance, pleading, petition, motion, response, or other request addressed to the court" and must also be "supplement[ed] ... if any required information changes." V.I. R. Civ. P. 7.1(b)(1)-(2). This is a new rule, and its aim is to "avoid conflicts of interest and to make ownership of parties or affiliates clear." V.I. R. Civ. P. 7.1 (rptr's note). Upon review of the file, it has come to the Court's attention

---

[6] In their complaint, Plaintiffs alleged:

...

6. Plaintiffs went to Defendant, Marshall & Sterling St. Croix, Inc. (M&S), to obtain insurance coverage on their home at #198 Mary's Fancy, St. Croix, U.S. Virgin Islands.

7. They chose Marshall & Sterling St. Croix, Inc. as it advertises it is the insurance expert and can be relied on to properly determine the amount, and types of insurance Plaintiffs required.

8. Plaintiffs reasonably relied on the advice of Defendant Marshall & Sterling St. Croix, Inc.

9. At all times, while providing such insurance advise, Marshall & Sterling St. Croix, Inc. acted on its own, and as agent for Defendant Certain Underwriters at Lloyds of London.

...

Thus, Defendant M&S is implicated in both Plaintiffs' claims against Defendant Lloyds 1730XC in connection with the 2015 Burglary Insurance Claim and Plaintiffs' claims against Defendant Lloyds 1165XC in connection with the 2015 Burglary Insurance Claim.

[7] *See supra,* footnote 1.

*Brown, et al. v. Certain Underwriters at Lloyd's of*
*London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 8 of 9

**2021 VI SUPER** 61

that Defendant M&S has not filed a disclosure statement in compliance with Rule 7.1. As such, the Court will order Defendant M&S to file such a disclosure statement. *See In re Complex Litig. Cases Pending in the Superior Court of the V.I.*, 2019 V.I. LEXIS 28, at *11-13 (V.I. Super. Ct. Mar. 5, 2019)

### 3. Outstanding Motions

¶ 12    Based on the foregoing, Defendant Lloyds 1165XC's motion to compel appraisal and to stay the action, filed on March 11, 2021, and motion to dismiss or, in the alternative, motion for a more definite statement, filed on March 11, 2021, will be denied without prejudice. The Court will order that all arguments previously raised in these aforementioned motions preserved and Defendant Lloyds 1165XC may refile these motions in the proper lawsuit if it wishes to do so. Moreover, the parties' Joint Submission and Plaintiffs' motion to exceed page limit, filed on April 28, 2021, will also be denied as moot.

### CONCLUSION

¶ 13    For the reasons stated above, the Court will sever Plaintiffs' claims against Defendant Lloyds 1165XC from this matter and grant Plaintiffs leave to file a second amended complaint in this matter that removes Defendant Lloyds 1165XC and Plaintiffs' claims against Defendant Lloyds 1165XC and refile a new complaint against Defendant Lloyds 1165XC and Defendant M&S in connection with the 2015 Burglary Insurance Claim in a separate lawsuit. Additionally, the Court will order Defendant M&S to file a disclosure statement in compliance with Rule 7.1 in this matter and deny the outstanding motions. An order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
**Memorandum Opinion**
Page 9 of 9

2021 VI SUPER 61

**DONE this** 7th **day of** June **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: 6/8/2021

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

| | |
|---|---|
| RUTHA M. BROWN AND FRANK BROWN, JR., <br><br> PLAINTIFFS, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. HOCAT1730XC, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. HOCGX1165XC, AND MARSHALL & STERLING ST. CROIX, INC., <br><br> DEFENDANTS. | Civil No. SX-2020-CV-771 <br><br> ACTION FOR DAMAGES <br><br> JURY TRIAL DEMANDED <br><br> CITE AS: 2021 VI SUPER 61 |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Robert J. Kuczynski, Esq.**
Beckstedt & Kuczynski LLP
Christiansted, U.S. Virgin Islands
*For Defendant Marshall & Sterling St. Croix, Inc.*

**Sharmane Davis-Brathwaite, Esq.**
Brathwaite Law LLC
St. Thomas, U.S. Virgin Islands
*For Defendant Certain Underwriters at Lloyd's*
*of London subscribing to policy no. HOCAT1730XC*

**Greg L. Mast, Esq.**
**John P. Golden, Esq.**
Fields Howell LLP
Atlanta, GA
*For Defendant Certain Underwriters at Lloyd's*
*of London subscribing to policy no. HOCGX1165XC*

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
Order
Page 2 of 4

2021 VI SUPER 6\

## ORDER

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED** that, pursuant to Rule 21 of the Virgin Islands Rules of Civil Procedure, Plaintiffs' claims against Defendant Lloyds 1165XC are **SEVERED** from this matter. It is further:

**ORDERED** that Defendant Lloyds 1165XC is **DROPPED** from this matter and shall be **REMOVED FROM THE CAPTION** of this matter going forward. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Order**, Plaintiffs shall file a second amended complaint in this matter that **REMOVES** Defendant Lloyds 1165XC and their claims against Defendant Lloyds 1165XC. It is further:

**ORDERED** that, **within forty-five (45) days from the date of entry of this Order**, Plaintiffs shall **REFILE** a new complaint against Defendant Lloyds 1165XC and Defendant M&S in connection with the 2015 Burglary Insurance Claim in a separate lawsuit, and **PAY** the accompanied filing fees unless they are permitted to proceed *in forma pauperis*. Failure to refile as ordered herein shall result in the automatic **DISMISSAL WITHOUT PREJUDICE** of Plaintiffs' claims against Defendant Lloyds 1165XC and Defendant M&S in connection with the 2015 Burglary Insurance Claim, without further action from the Court, and in which event, Plaintiff will need to initiate a new lawsuit, rather than simply refile, if Plaintiffs wish to pursue their claims against Defendant Lloyds 1165XC and Defendant M&S in connection with the 2015 Burglary Insurance Claim, and all the procedures for initiating a new lawsuit shall be followed. It is further:

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCAT1730XC, et al.*
SX-2020-CV-771
**Order**
Page 3 of 4

2021 VI SUPER 61

**ORDERED** that all forthcoming complaints, whether amended or new, shall be drafted in compliance with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure, and name the defendant or defendants for each count clearly. It is further:

**ORDERED** that summons shall not issue for the refiling of the new complaint. However, Plaintiffs shall: (i) serve a copy of the new complaint on Defendant Lloyds 1165XC, and Defendant M&S if appropriate, **within fifteen (15) days after the new complaint is filed with the Clerk's Office**, and (ii) file a notice of service, **within seven (7) days after service. A copy of this order shall be attached to the new complaint.** It is further:

**ORDERED** that, **within fifteen (15) days from the entry of this Order,** Defendant M&S shall file a disclosure statement in compliance with Rule 7.1 in this matter. It is further:

**ORDERED** that Defendant Lloyds 1165XC's motion to compel appraisal and to stay the action, filed on March 11, 2021, and motion to dismiss or, in the alternative, motion for a more definite statement, filed on March 11, 2021, is **DENIED WITHOUT PREJUDICE.** It is further:

**ORDERED** that all arguments previously raised in Defendant Lloyds 1165XC's motion to compel appraisal and to stay the action, filed on March 11, 2021, and motion to dismiss or, in the alternative, motion for a more definite statement, filed on March 11, 2021, are preserved. It is further:

**ORDERED** that the parties Joint Submission, filed on March 22, 2021, is **DENIED AS MOOT. And** it is further:

*Brown, et al. v. Certain Underwriters at Lloyd's of London subscribing to policy no. HOCATI730XC, et al.*
SX-2020-CV-771
**Order**
Page 4 of 4

2021 VI SUPER 61

**ORDERED** that Plaintiffs' motion to exceed page limit, filed on April 28, 2021, is

**DENIED AS MOOT**.

**DONE and so ORDERED this** 7th **day of** June **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: 6/8/2021

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**